ROBERTSON, Justice,
for the Court.
Joe M. Blakeney and four other citizens and taxpayers of Jasper County filed a bill of complaint in the Chancery Court of the second judicial district of Jasper County against Herman E. Sims, and the other four members of the Board of Supervisors of Jasper County, individually, and as the Board of Supervisors, to enjoin them “from attempting to employ a Veterans Affairs Coordinator, or to do any act other than such acts as are expressly authorized by Section 35-3-21, Mississippi Code of 1972,
Complainants did not aver that they did not have an adequate remedy at law, nor *539 did they aver that they would suffer irreparable harm and injury if the court did not grant the injunction. A general demurrer was sustained to the bill of complaint, and the complainants appeal.
The gravamen of the charge against the Board and the individual members thereof is that under Mississippi Code Annotated, section 35-3-21 (1972), the Board did not have authority to employ Warren M. Gunn as Veterans Affairs Coordinator but only had authority to pay a Veterans Affairs Coordinator selected in some way by the veterans of the county.
Complainants averred that the statute authorized the Board of Supervisors to pay personnel and to provide an office, but did not authorize or expressly provide for the selection and employment of personnel by the Board. Section 35-3-21 provides in part:
“In order to maintain offices and pay personnel for the purpose of assisting all residents of the State of Mississippi who served in the military or naval forces of the United States during any war, their relatives, beneficiaries, or dependents, to receive from the United States any and all compensation, hospitalization, insurance, or other aid or benefits to which they may be entitled under existing or hereafter enacted laws of the United States, the boards of supervisors in the various counties in the state are hereby authorized and empowered, in their discretion, to expend out of the general county fund, or special veterans’ fund herein authorized to be set up, or from both of said funds, the following sums:

“It shall also be the duty of the boards of supervisors to aid the United States to defeat all unjust claims for aid or benefit therefrom.
“Such expenditures may be made by the several counties acting alone, or in cooperation with other counties, and in cooperation with any federal or state agency carrying out such purposes.
“In the event that the general revenues of the county levied under and within the limits of existing taxing statutes is not sufficient to pay the expenses authorized herein, .the board of supervisors may, in its discretion, levy an additional tax not to exceed one mill on all taxable property in the county to defray such expenses or any part thereof.”
By amendment to the bill of complaint, it was charged that the orders of January 6 and January 16, 1976, terminating the employment of Waites McNeil as Veterans Affairs Coordinator, and employing Warren M. Gunn as Veterans Affairs Coordinator, have not been entered on.the Minutes of the Board of Supervisors, and that the Minutes of the January 1976 meeting of the Board have never been closed or signed.
We are of the opinion that the intent and purpose of the Legislature in enacting into law section 35-3-21 was to give the Board of Supervisors of each county the authority to select, employ, and pay a Veterans Affairs Coordinator or other employee to assist veterans and their families in securing the benefits to which they are entitled under the laws of the United States.
The authority to select and hire is by necessity implied when the authority is expressly granted to pay personnel and to provide offices for such personnel for the purpose of assisting veterans and their families in securing the benefits to which they are entitled under the laws of the United States. The fact that Section 35-3-21 places the additional duty on the Board of Supervisors to aid the United States in defeating “all unjust claims for aid or benefit therefrom” adds strength to our conclusion.
The chancery court was correct in sustaining the general demurrer to the bill of complaint as there was no equity on the face of the bill. The decree of the chancery court is, therefore, affirmed.
AFFIRMED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.